UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM MUNDELL, ROBYN
MUNDELL, ALEXANDER MUNDELL,
and LILY MUNDELL,

       Plaintiffs,

  -v-

VALERIE NATSIOS-MUNDELL,

       Defendant.

---

24-cv-2800 (JSR)


MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

On October 8, 2024, this Court issued an opinion and order granting plaintiffs' motion to remand in the above-captioned case. See ECF No. 15. Although familiarity with the underlying facts is here assumed for purposes of resolving the instant motion, the Court's 20-page opinion dealt with the difficult issue of the "complete-preemption" doctrine under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs now move for attorneys' fees, under 28 U.S.C. § 1447, that they claim to have incurred as a result of defendant's removal of this lawsuit from state court. For the following reasons, plaintiffs' motion is denied.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." While "an award of fees under § 1447(c) is left to the district

1

court's discretion," the Supreme Court has explained that "the standard for awarding fees should turn on the reasonableness of the removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 139, 141 (2005). Accordingly, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 141. "Conversely, when an objectively reasonable basis exists, fees should be denied." Id. A district court may depart from those rules when presented with "unusual circumstances," but "[w]hen a court exercises its discretion in this manner, … its reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c)." Id. (internal quotation marks omitted).

An objectively reasonable basis supported plaintiff's removal of the instant action from state court. Although plaintiffs accurately observe that governing law clearly foreclosed diversity jurisdiction as a basis for defendant's removal,[1] defendant's argument that complete preemption under ERISA supplied federal-question jurisdiction presented a close call. The Supreme Court's framework for applying that doctrine, announced in Aetna Health Inc. v. Davila, 542 U.S. 200 (2004), and elaborated upon by the

_____

[1] Indeed, defendant herself abandoned diversity jurisdiction as a ground for removal during briefing of plaintiffs' motion to remand. See ECF No. 15 at 4 n.2.

Second Circuit in Montefiore Medical Center v. Teamsters Local 272, 642 F.3d 321 (2d Cir. 2011), requires a court to evaluate two prongs to determine whether a given claim is completely preempted by ERISA. (The Second Circuit has further divided the first prong into two steps.) Absent a case in which the claims bear no relationship to a retirement plan, it is difficult to imagine how -- given the inherent unpredictability of so complicated a doctrine -- the removal of a case with claims connected, at least on the face of the complaint, to a retirement plan is "objectively unreasonable." But this Court need not sweep so broadly here, because the conclusion is stronger in this case, where, viewed in a certain light, plaintiffs' claims appear to relitigate an unfavorable benefits determination by the relevant plan administrator. Of course, the Court ultimately ruled in plaintiffs' favor, but the mere fact of the bottom-line outcome does not reflect the difficulty of the legal issue presented and thus provides no basis for the award of attorneys' fees.

The denial of attorneys' fees in this case also aligns with decisions of other district courts in this circuit. See, e.g., Atlantis Health Plan, Inc. v. Local 713, 258 F. Supp. 2d 284, 296 (S.D.N.Y. 2003) ("In this case, considering the complexity of the subject matter and subtleties surrounding the reach of ERISA preemption, discussed above, the Court does not find it appropriate to approve such an award. The very broad scope of state law that

3

under established precedent has been deemed preempted by ERISA, although admittedly curtailed in recent cases, creates a certain understandable impulse dictating that causes of action surrounding ERISA plans properly belong in federal courts."); E. States Health & Welfare Fund v. Philip Morris, Inc., 11 F. Supp. 2d 384, 407 (S.D.N.Y. 1998) (Sotomayor, J.) (finding, in a case raising the issue of complete preemption under ERISA, that "the arguments for federal jurisdiction were indeed substantial, although ultimately unpersuasive," and declining "on that basis … to award costs"); see also Gutchess Lumber Co. v. Wieder, No. 13-cv-1013, 2013 WL 5346857, at *4 (N.D.N.Y. Sept. 23, 2013) (noting the "complicated nature of ERISA and, particularly, ERISA's preemption provisions" when denying the plaintiff's request for an award of attorney's fees under § 1447(c)).

Likewise, this Court cannot identify any "unusual circumstances" that would justify the award of attorneys' fees in this case. Plaintiffs urge the Court to consider that "[t]he removal and subsequent remand has had a greater negative financial impact on [p]laintiffs than on [d]efendant." ECF No. 17-4 at 7. That argument disregards the Supreme Court's requirement that a district court's "reasons for departing from the general rule [based on unusual circumstances] should be faithful to the purposes of awarding fees under § 1447(c)." See Martin, 546 U.S. at 141 (internal quotation marks omitted). The Supreme Court identified

4

those purposes as "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter." Id. at 140. Plaintiffs' alleged financial difficulties do not offer the Court any further insight into the motives of defendant when removing this case to federal court. Further, this Court is not persuaded by the declaration of one of the plaintiffs describing her own "belief" that "[d]efendant has sought and continues to seek delay [sic] the resolution of [p]laintiffs' claims." ECF No. 17-3 at 3 ¶ 16.[2]

For the foregoing reasons, the Court denies plaintiffs' motion for attorneys' fees. The Clerk of Court is respectfully directed to close docket entry number 17.

SO ORDERED.

New York, NY
December 3 , 2024

_____
JED S. RAKOFF, U.S.D.J.

_____

[2] Counsel for both parties also dispute whether counsel for defendant said that if plaintiffs had commenced the action in state court with the amended complaint, rather than the original complaint, defendant would not have removed the case to federal court. Compare ECF No. 17-1 at 3 ¶ 17, with ECF No. 18-1 at 1 ¶ 4. Even if true, this counterfactual does not affect the Court's view that the merits of plaintiffs' motion to remand presented a close question, especially because the Court considered the original complaint for purposes of deciding that motion.